IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DVISION

CASE NO.

HEATHER MORSE

    Plaintiff,

v.

THE SCHOOL DISTRICT OF LEE COUNTY

    Defendant,
_____/

# COMPLAINT

**COMES NOW,** Plaintiff HEATHER MORSE, by and through undersigned counsel sues Defendant, THE SCHOOL DISTRICT OF LEE COUNTY, for the following causes of action, and alleges as follows:

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to Americans with Disabilities Act, Section 107(a), 42 U.S.C. §12117, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§2601, et seq., and supplemental claims jurisdiction for claims under the Florida Civil Rights Act, §760.11. Fla. Stat.

2. Plaintiff was an eligible employee under the FMLA: she worked in excess of 1,250 hours in the rolling calendar year prior to the need of a medical leave in December 2020; and she suffered from a serious health condition that prevented her from performing the functions of her position while she was on leave.

3. Plaintiff complied with all conditions precedent to jurisdiction under § 760.11, Fla. Stat., and the Americans with Disabilities Act, Section 107(a), 42 U.S.C. §12117 as follows:

    A. complaint of employment discrimination on the basis of disability were filed with the Florida Commission on Human Relations ("FCHR") and Equal Employment Opportunity Commission ("EEOC") on February 25, 2021, within 180 days of the commission of the unlawful employment practice alleged herein.

    B. On March 15, 2021, the EEOC issued a Notice of Right to Sue Within 90 Days.

    C. This complaint has been filed within 90 days of receipt of the Notice of Right to Sue.

4. Plaintiff, Heather Morse, is a resident of Estero, Florida, and is *sui juris*.

5. All of the alleged discriminatory acts occurred in Lee County, Florida.

6. THE SCHOOL DISTRICT OF LEE COUNTY (hereinafter "School District") is a "person" within the meaning of §760.02(6) Fla. Stat., and §101(7) of the ADA, 42 U.S.C. §12111(7), a recipient of federal financial assistance.

7. THE SCHOOL DISTRICT OF LEE COUNTY employs 15 or more employees and is an "employer" within the meaning of Section 760.02(7) Fla. Stat., Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A), and 29 U.S.C. § 2611.

8. At all times material, Plaintiff was disabled as defined by the Americans with Disabilities Act as

    a. She lived with Alcohol Use Disorder;

    b. She was regarded as disabled by the defendant by virtue of her Alcohol Use Disorder; and

    c. She has a history of Alcohol Use Disorder.

9. When Plaintiffs disease of Alcohol Use Disorder is active it substantially limits the major life activity of caring for herself, as she exercises poor judgment when under alcohol's influence. Furthermore, drinking alcohol is dangerous to both her physical and mental health.

10. When Plaintiffs disease of Alcohol Use Disorder is active, it also substantially limits her ability to perform the major life activity of being able to perform manual tasks as it impacts her manual dexterity and coordination.

11. When it is active, Plaintiff's Alcohol Use Disorder also substantially limits her ability to sleep, her memory, her concentration, her cognitive skills and her communication skills, all of which are major life activities.

12. Plaintiff Heather Morse was employed with Defendant, THE SCHOOL DISTRICT OF LEE COUNTY, as an Assistant Principal at Estero High School. She was employed by the Defendant for a period of over twenty years.

13. As an Assistant Principal, Ms. Morse was bound by the rules and policies of her employment.

14. Ms. Morse's performance at Estero High School has always been outstanding, and her disability of Alcohol Use Disorder has never affected her job in any way.

15. The Administrator Salary Schedule is composed of an employment agreement entered into by The School Board of Lee County and administrators who serve the students at The School District of Lee County. At the time of her termination, Ms. Morse was an Administrator and bound by this employment agreement.

16. The purpose of the Administrator Salary Schedule is to promote a harmonious relationship between employees and their employer, to establish equitable procedures for resolution

of differences, and to memorialize specified terms of employment. The rules and polices included the following:

    A. **2.01 – EMPLOYEES - (1) Non-Discrimination**: The Articles of these terms of employment shall apply to all employees without regard to race, color, religion, sex, sexual orientation, national or ethnic origin, marital status, pregnancy, political affiliation, age, creed, gender identity or expression, disability if otherwise qualified, or any other unlawful factor.

    B. **2.01 – EMPLOYEES - (2) Duty to Self-Report:** Each employee shall self-report to the District's Department of Professional Standards and Equity, within two business days, any arrests and/or charges involving the abuse of a child or the sale and/or possession of a controlled substance. Such notice shall not be considered an admission of guilt. In addition, each employee shall self-report any conviction, finding of guilt, withholding of adjudication, commitment to a pretrial diversion program, or entering of a plea of guilty or Nolo Contendere (No Contest) for any criminal offense other than a minor traffic violation within two business days after the final judgment. Employees, who regularly or incidentally operate District vehicles shall, as soon as they become aware, notify their supervisor of any moving violation, suspension or revocation of their driver's license. Failure to comply with any article may be cause for appropriate disciplinary action, up to and including termination.

    C. **6.04 – ALCOHOL, TOBACCO, AND DRUG-FREE WORKPLACE:** No employee shall possess, consume, or sell alcoholic beverages or manufacture, distribute, dispense, possess, or use on the job or in the workplace, any narcotic, drug, amphetamine, barbiturate, marijuana or any other controlled substance, as defined in the Controlled Substances Act (21 U.S.C. 812), and as further defined by regulations at 21 CFR 1300.11 through 1300.15, or by Florida Statutes, Chapter 893.

        (1) **Notice of Arrest:** As a condition of employment, each employee shall abide by the terms of this article and notify the appropriate director, principal, or supervisor of any criminal drug statute conviction for a violation occurring on the premises of the District, at the workplace, or during the conduct of any official activity related to the District no later than five (5) days after conviction.

        (2) **Notice of Conviction:** The District shall take one or more of the following actions within thirty (30) days of receiving such notice, with respect to any employee who is so convicted:

            a. **Program Participation:** Require such an employee to participate satisfactorily in a drug abuse assistance or

> rehabilitation program approved for such purposes by a federal, state, or local health, law enforcement or other appropriate agency.
>
> b. **Failure to Participate:** If the employee fails to participate satisfactorily in a drug abuse assistance or rehabilitation program, the District will recommend non-reappointment, suspend, or terminate the employee.
>
> c. **Other Personnel Action:** Take other appropriate personnel action up to and including termination.
>
> …
>
> **(5) Employee Assistance Program:** Employee assistance will be available through Human Resources and the Employee Assistance Program (EAP).
>
> **(6) Last Chance Agreement:** A first-time Alcohol, Tobacco, and Drug-Free Workplace violation will result in an offer of a Last Chance Agreement (LCA) to the employee, a letter of reprimand (LOR), and/or mandatory referral to EAP, except in cases where aggravating factors exist. Aggravating factors may include any conduct that would be independent grounds for disciplinary action.

17. As an Assistant Principal, Ms. Morse does not have any duties which involve driving.

18. On March 20, 2008, Heather Morse was arrested for a misdemeanor driving under the influence of alcohol. She was arrested again on September 8, 2011 for a felony driving while under the influence of alcohol. At the time of both arrests, Ms. Morse was a teacher with the Defendant, The School District, but the incidents did not occur during school hours or while Ms. Morse was undertaking duties pursuant to her employment with the Defendant, The School District.

19. As a result of the 2011 arrest for driving under the influence of alcohol, Ms. Morse entered into a "Last Chance agreement" with the Defendant, The School District, which stated that "any further arrests related to alcohol or drugs during her employment will lead to a recommendation for her immediate termination." See Exhibit "A" hereto.

20. The "Last Chance Agreement" altered the terms and conditions of plaintiff's employment mid-course. The alteration of terms required her to waive certain rights under her agreement under the Teachers Association of Lee County (TALC) Collective Bargaining Agreement, including her right to file any grievances or question her termination.

21. At that time, Ms. Morse was advised by the Director of Professional Standards and the State Attorney that she would be terminated if she did not execute the Last Chance Agreement. There were no contractual or other legal grounds which authorized the Defendant School District to compel Plaintiff to enter into the Last Chance Agreement as a condition of employment.

22. Ms. Morse being required to sign a "Last Chance agreement" shows that she is perceived as being disabled by her employer even when this disease of Alcohol Use Disorder is not active.

23. For over nine years, Ms. Morse did not have any further incidents involving alcohol, and had exemplary performance with the School District. She was promoted from teacher to be an assistant principal.

24. When she became an Assistant Principal, the terms of the Teachers Association of Lee County (TALC) Collective Bargaining Agreement were no longer applicable to her. She joined the Administrator's union and was subject to the rules of the Administrator Salary Schedule.

25. As an assistant principal during the COVID-19 pandemic, most of Ms. Morse's job involved issues regarding contact tracing and compliance with health and safety of students.

26. In her personal life, the COVID-19 pandemic isolated Ms. Morse from her family and friends and led to depression and triggered her Alcohol Use Disorder.

27. On December 3, 2020, Ms. Morse was arrested for driving under the influence of alcohol and leaving the scene of a crash involving damage to property at 7:00 p.m.

28. On Friday, December 4, 2020, at approximately 9:45 a.m., Ms. Morse's immediate supervisor, Michael Amabile was advised of the arrest and he advised Ms. Morse not to come to work until further notice and suggested that Ms. Morse may be reassigned until things "died down."

29. A few hours later, Ms. Morse spoke with Fernando Vazquez and was told that she was expected to resign by 3:00 PM or be terminated.

30. At 2:15 PM, Andy Brown, Director of the Professional Standards at the Defendant called Ms. Morse. He stated that the media was knocking on his door and he wanted a decision on the resignation by 3:00 p.m. When Ms. Morse asked him, what would happen if she did not resign, he stated that he would invoke the "Last Chance Agreement" attached as Exhibit "A". When asked if that meant Ms. Morse would be terminated, Mr. Brown stated that he would suggest that Ms. Morse be terminated by the school board and intimated that this would be drawn out in the media and she would be thoroughly embarrassed as well.

31. In the minutes that she had to make the decision, it was clear to Ms. Morse that her option was either to immediately resign or to be terminated by the school board in an embarrassingly public setting.

32. Ms. Morse had asked if she could use her sick time in lieu of immediately resigning so that she could continue to get paid and have medical insurance to check into an alcohol rehabilitation center to receive the help that she needed. Mr. Brown's answer to this request for a reasonable accommodation was no.

33. Ms. Morse requested a leave of absence to seek help and this request for reasonable accommodation was also denied as she was then advised that she would be resigning for her arrest, not for work performance.

34. From December 4 to January 1, Ms. Morse completed inpatient treatment for her Alcohol Use Disorder at The Willough Healthcare system Visions Partial Hospital Program.

35. From January 6 to March 9, 2021, Ms. Morse was admitted to the Hazelden Betty Ford Foundation for an intensive outpatient level of care where she participated in all scheduled programming, completed the goals contained in her treatment plan and met all of her treatment expectations.

36. Ms. Morse continues with her treatment regimen and continues weekly therapy for her Alcohol Use Disorder.

37. Ms. Morse's benefits with the Defendant ceased as of January 1, 2021.

38. As a result of her termination and discrimination, Ms. Morse has lost wages and benefits, will continue to lose wages and benefits, and suffered mental anguish. These losses are continuing and will continue into the future.

39. The acts of THE SCHOOL DISTRICT OF LEE COUNTY were in deliberate indifference, reckless disregard, or intentionally done.

40. The Plaintiff has retained the services of Disability Independence Group, Inc. and has agreed to pay them a reasonable fee for their services in the prosecution of this cause, including all costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendant.

## COUNT I
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT – UNLAWFUL TERMINATION

41. Plaintiff realleges and incorporates paragraphs one through forty as if fully set forth herein.

42. At all material times, Plaintiff was an employee of the School District, covered by and within the meaning of 42 U.S.C.A. §§ 12101, et seq (the Americans With Disabilities Act).

43. Plaintiff lives with Alcohol Use Disorder and will always fight that incurable disease and always fight the compulsion to drink alcohol.

44. Defendant regarded plaintiff as suffering with Alcohol Use Disorder by requiring her to enter into a "Last Chance" agreement.

45. Plaintiffs record of performance is exemplary and shows that, in spite of her disease, she was qualified for her job.

46. The events of December 3, 2020, and subsequent arrest, was during non-work hours and not while performing duties of her employment. These events and arrest were a manifestation of her disability of alcohol use disorder.

47. Notwithstanding Plaintiffs exemplary performance, she was terminated because of her disability.

48. As a direct and proximate result of THE SCHOOL DISTRICT OF LEE COUNTY discrimination based upon disability, Plaintiff experienced lost wages beginning upon the date of her wrongful termination as well as suffered substantial damages for pecuniary losses, mental anguish and emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

49. In terminating the Plaintiff because of a perceived disability, THE SCHOOL DISTRICT OF LEE COUNTY acted with malice and/or with reckless indifference to the legally protected rights of the Plaintiff.

**WHEREFORE,** Plaintiff, HEATHER MORSE requests the judgment of the Court against Defendant, THE SCHOOL DISTRICT OF LEE COUNTY as follows:

A. Find and hold that Plaintiff was wrongfully terminated based on disability.

B. Find and hold that Plaintiff has suffered from Defendant's acts of discrimination, on the basis of disability, in violation of the Americans with Disabilities Act;

C. Order that Plaintiff be awarded the back pay and benefits that she would have earned, with the related monetary benefits and interest thereof, had she not been terminated, and future pay;

D. Order reinstatement to her position of assistant principal with the School District, with all accompanying seniority and benefits;

E. Award Plaintiff compensatory damages in an amount to be determined by trial of this matter;

F. Award the Plaintiff her attorney's fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court deems just and proper.

### COUNT II
### TITLE I OF THE AMERICANS WITH DISABILITIES ACT – DENIAL OF A REASONABLE ACCOMMODATION

50. Plaintiff realleges and incorporates paragraphs one through forty as if fully set forth herein.

51. At all material times, Plaintiff was an employee of Defendant employer, covered by and within the meaning of 42 U.S.C.A. §§ 12101, et seq (the Americans With Disabilities Act).

52. Plaintiff suffers from Alcohol Use Disorder and will always fight that incurable disease and always fight the compulsion to drink alcohol.

53. Defendant regarded plaintiff as suffering from Alcohol Use Disorder by requiring her to enter into a "last chance" agreement.

54. Plaintiffs record of performance is exemplary and shows that, in spite of her disease, she was qualified for her job.

55. The events of December 3, 2020, and subsequent arrest, was during non-work hours and not while performing duties of her employment. These events and arrest were a manifestation of her disability of Alcohol Use Disorder.

56. As a person with a disability, Plaintiff had the right to request accommodation be made for her disability, and she actually made such a request to Defendants.

57. Ms. Morse had asked if she could use her sick time in lieu of immediately resigning so that she could continue to get paid and have medical insurance to check into an alcohol rehabilitation center to receive the help that she needed. Mr. Brown's answer to this request for a reasonable accommodation was no.

58. Ms. Morse requested a leave of absence to seek help and this request for reasonable accommodation was also denied as she was then advised that she would be resigning for her arrest, not for work performance.

59. These requests to use leave or sick time for treatment would not have been a fundamental alteration of the programs and services of the Defendant.

60. These requests to use leave or sick time for treatment would not have been an undue financial or administrative burden to the Defendant.

61. The Defendant pressured Ms. Morse to resign and denied any accommodations as they were concerned for the news coverage and adverse publicity.

62. The Defendant failed to enter into the interactive process as they were more concerned for the news coverage and adverse publicity.

63. As a direct and proximate result of THE SCHOOL DISTRICT OF LEE COUNTY discrimination based upon disability, Plaintiff experienced lost wages beginning upon the date of her wrongful termination as well as suffered substantial damages for pecuniary losses, mental anguish and emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

64. In denying a reasonable accommodation, and subsequently terminating the Plaintiff because of a perceived disability, THE SCHOOL DISTRICT OF LEE COUNTY acted with malice and/or with reckless indifference to the legally protected rights of the Plaintiff.

**WHEREFORE,** Plaintiff, HEATHER MORSE requests the judgment of the Court against Defendant, THE SCHOOL DISTRICT OF LEE COUNTY as follows:

A. Find and hold that Plaintiff was wrongfully terminated based on disability.

B. Find and hold that Plaintiff has suffered from Defendant's acts of discrimination, on the basis of disability, in violation of the Americans with Disabilities Act;

C. Order that Plaintiff be awarded the back pay and benefits that she would have earned, with the related monetary benefits and interest thereof, had she not been terminated, and future pay;

D. Order reinstatement to her position of assistant principal with the School District, with all accompanying seniority and benefits;

E. Award Plaintiff compensatory damages in an amount to be determined by trial of this matter;

F. Award the Plaintiff her attorney's fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

65. Plaintiff realleges and incorporates paragraphs one through forty as if fully set forth herein.

66. At all material times, Plaintiff was an employee of Defendant employer, covered by and within the meaning of the Florida Civil Rights Act.

67. Plaintiff is an alcoholic and will always fight that incurable disease and always fight the compulsion to drink alcohol.

68. Defendant regarded plaintiff as being an alcoholic by requiring her to enter into a "last chance" agreement.

69. Plaintiffs record of performance is exemplary and shows that, in spite of her disease, she was qualified for her job.

70. The events of December 3, 2020, and subsequent arrest, was during non-work hours and not while performing duties of her employment. These events and arrest were a manifestation of her disability of alcohol use disorder.

71. As a result of the events of December 3, 2020 and based on the knowledge and past history of a disability, Ms. Morse was given no choice but to immediately resign or be terminated.

72. Furthermore, as a person with a disability, Plaintiff had the right to request accommodation be made for her disability, and she actually made such a request to Defendants.

73. Ms. Morse had asked if she could use her sick time in lieu of immediately resigning so that she could continue to get paid and have medical insurance to check into an alcohol rehabilitation center to receive the help that she needed. Mr. Brown's answer to this request for a reasonable accommodation was no.

74. Ms. Morse requested a leave of absence to seek help and this request for reasonable accommodation was also denied as she was then advised that she would be resigning for her arrest, not for work performance.

75. These requests for using her sick time or leave would not have been a fundamental alteration of the programs and services of the Defendant.

76. These requests for using her sick time or leave would not have been an undue financial or administrative burden to the Defendant.

77. The Defendant pressured Ms. Morse to resign and denied any accommodations as they were concerned for the news coverage and adverse publicity.

78. The Defendant failed to enter into the interactive process as they were more concerned for the news coverage and adverse publicity.

79. As a direct and proximate result of THE SCHOOL DISTRICT OF LEE COUNTY discrimination based upon disability, Plaintiff experienced lost wages beginning upon the date of her wrongful termination as well as suffered substantial damages for pecuniary losses, mental anguish and emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

80. In denying a reasonable accommodation, and subsequently terminating the Plaintiff because of a perceived disability, THE SCHOOL DISTRICT OF LEE COUNTY acted with malice and/or with reckless indifference to the legally protected rights of the Plaintiff.

**WHEREFORE,** Plaintiff, HEATHER MORSE requests the judgment of the Court against Defendant, THE SCHOOL DISTRICT OF LEE COUNTY as follows:

A. Find and hold that Plaintiff was wrongfully terminated based on disability.

B. Find and hold that Plaintiff has suffered from Defendant's acts of discrimination, on the basis of disability, in violation of the Florida Civil Rights Act;

C. Order that Plaintiff be awarded the back pay and benefits that she would have earned, with the related monetary benefits and interest thereof, had she not been terminated, and future pay;

D. Order reinstatement to her position of assistant principal with the School District, with all accompanying seniority and benefits;

E. Award Plaintiff compensatory damages in an amount to be determined by trial of this matter;

F. Award the Plaintiff her attorney's fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court deems just and proper.

## COUNT IV
## REHABILITATION ACT

81. Plaintiff realleges and incorporates paragraphs one through forty as if fully set forth herein.

82. At all material times, Plaintiff was an employee of Defendant employer, covered by and within the meaning of the Rehabilitation Act.

83. Plaintiff suffers from Alcohol Use Disorder and will always fight that incurable disease and always fight the compulsion to drink alcohol.

84. Defendant regarded plaintiff as suffering from Alcohol Use Disorder by requiring her to enter into a "Last Chance" agreement.

85. Plaintiffs record of performance is exemplary and shows that, in spite of her disease, she was qualified for her job.

86. The events of December 3, 2020, and subsequent arrest, was during non-work hours and not while performing duties of her employment. These events and arrest were a manifestation of her disability of alcohol use disorder.

87. As a result of the events of December 3, 2020 and based on the knowledge and past history of a disability, Ms. Morse was given no choice but to immediately resign or be terminated.

88. Furthermore, as a person with a disability, Plaintiff had the right to request accommodation be made for her disability, and she actually made such a request to Defendants.

89. Ms. Morse had asked if she could use her sick time in lieu of immediately resigning so that she could continue to get paid and have medical insurance to check into an alcohol rehabilitation center to receive the help that she needed. Mr. Brown's answer to this request for a reasonable accommodation was no.

90. Ms. Morse requested a leave of absence to seek help and this request for reasonable accommodation was also denied as she was then advised that she would be resigning for her arrest, not for work performance.

91. These requests to use leave or sick time would not have been a fundamental alteration of the programs and services of the Defendant.

92. These requests to use leave or sick time would not have been an undue financial or administrative burden to the Defendant.

93. The Defendant pressured Ms. Morse to resign and denied any accommodations as they were concerned for the news coverage and adverse publicity.

94. The Defendant failed to enter into the interactive process as they were more concerned for the news coverage and adverse publicity.

95. As a direct and proximate result of THE SCHOOL DISTRICT OF LEE COUNTY discrimination based upon disability, Plaintiff experienced lost wages beginning upon the date of her wrongful termination as well as suffered substantial damages for pecuniary losses, mental anguish and emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

96. In denying a reasonable accommodation, and subsequently terminating the Plaintiff because of a perceived disability, THE SCHOOL DISTRICT OF LEE COUNTY acted with malice and/or with reckless indifference to the legally protected rights of the Plaintiff.

97. THE SCHOOL DISTRICT OF LEE COUNTY is a recipient of federal financial assistance and required to comply with the Rehabilitation Act.

**WHEREFORE,** Plaintiff, HEATHER MORSE requests the judgment of the Court against Defendant, THE SCHOOL DISTRICT OF LEE COUNTY as follows:

A. Find and hold that Plaintiff was wrongfully terminated based on disability.

B. Find and hold that Plaintiff has suffered from Defendant's acts of discrimination, on the basis of disability, in violation of the Rehabilitation Act;

C. Order that Plaintiff be awarded the back pay and benefits that she would have earned, with the related monetary benefits and interest thereof, had she not been terminated, and future pay;

D. Order reinstatement to her position of assistant principal with the School District, with all accompanying seniority and benefits;

E. Award Plaintiff compensatory damages in an amount to be determined by trial of this matter;

F. Award the Plaintiff her attorney's fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court deems just and proper.

## COUNT V
## FAMILY AND MEDICAL LEAVE ACT

98. Plaintiff realleges and incorporates paragraphs one through forty as if fully set forth herein.

99. The Defendant is a covered employer under the Family and Medical Leave Act. State and local governmental employers are covered by the FMLA.

100. Plaintiff was qualified by her length of service and hours for leave under the Family Medical Leave Act (FMLA).

101. Plaintiff Heather Morse suffers from alcohol use disorder and will always fight that incurable disease and always feel the compulsion to drink alcohol.

102. Plaintiff is able to perform the essential requirements of her job when sober.

103. Now that she has attended an alcohol programs Plaintiff is sober and can perform the essential requirements of her job.

104. Although Plaintiff is able to perform the essential requirements of her job Alcohol Use Disorder is a serious health condition which is sometimes dormant but is always with the person who has the disease.

105. Under the FMLA, a covered employee may take up to twelve weeks off for each twelve-month period because of a serious health condition that makes the employee unable to perform one or more of the essential functions of his or her job.

106. At the time of the incident on December 3, 2020, Ms. Morse had asked if she could use her sick time in lieu of immediately resigning so that she could continue to get paid and have medical insurance to check into an alcohol rehabilitation center to receive the help that she needed.

107. Ms. Morse requested a leave of absence to seek help at a rehabilitation center.

108. The Defendant wrongly refused both of these requests.

109. The refusal to honor Plaintiffs proper request under terms of the FMLA for a leave of absence led to her discharge.

110. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities, loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff, HEATHER MORSE requests the judgment of the Court against Defendant, THE SCHOOL DISTRICT OF LEE COUNTY and declare Defendant's conduct to be in violation of the FMLA, enjoin the School District from further engaging in such conduct and reinstate Plaintiff to her prior position, award Plaintiff Morse lost wages and other

compensation, liquidated damages, prejudgment interest, costs and reasonable attorney's fees;

and such other and further relief as may be deemed just and proper in the premises.

THE PLAINTIFF DEMANDS A JURY TRIAL FOR ALL SUCH CLAIMS FOR WHICH SHE IS ENTITLED TO A JURY BY LAW.

Respectfully submitted, this 27th day of May, 2021

> By: /s/ *Matthew W. Dietz*
> Matthew W. Dietz, Esq.
> Fla. Bar No.: 0084905
> DISABILITY INDEPENDENCE GROUP, INC.
> 2990 Southwest 35th Avenue
> Miami, Florida 33133
> Telephone (305) 669-2822
> Facsimile (305) 442-4181
> mdietz@justdigit.org
> aa@justdigit.org